UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| LUXEMBURG CAPITAL LLC ET AL, | : : | CASE NO. 1:21-cv-02246 |
| | : | OPINION & ORDER |
| Plaintiff, | : | [Resolving Doc. 4] |
| | : | |
| v. | : | |
| | : | |
| FERGUS ET AL, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Finding that Local Rule 3.1(b)(4) does not require reassigning this case to a different judge, the Court **DENIES** Defendants' reassignment motion.

About six months ago, some of the parties in this action were involved in a case assigned to U.S. District Judge Dan A. Polster.[1] Plaintiffs in the earlier action sought access to a trust's accounting papers, alleged that the Defendant breached fiduciary and contract obligations, and sought to remove the Defendant from the position of Trustee.[2] In October, Judge Polster dismissed that case without prejudice so that the parties could litigate in state court.[3]

More recently, some of the earlier Plaintiffs filed this action against some of the earlier Defendants.[4] There are also new Plaintiffs and new Defendants in this case.

The claims brought and relief sought in this action are also substantially different from the earlier action. Here, Plaintiffs bring new federal and state statutory claims and

---

[1] *Hummer, et al. v. Fergus,* No. 21-cv-01076 (N.D. Ohio 2021).
[2] Complaint, *Hummer, et al. v. Fergus,* No. 21-cv-01076 (N.D. Ohio 2021), ECF No. 1.
[3] *Id.*, ECF No. 32.
[4] Doc. 1.

Case No. 1:21-cv-02246
GWIN, J.

state tort claims. In addition, unlike the earlier case, Plaintiffs here invoke the Court's Federal Question jurisdiction.

Local Rule 3.1(b) makes random draw judge assignment the default rule. Only under certain exceptions does the rule require assignment to a non-randomly selected judge.

The Rule 3.1(b)(4) exception is the following:

> If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State Court, and subsequently refiled, it shall be assigned to the same District Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled.

This action does not require reassignment to Judge Polster because it is not a "subsequently refiled" case. Taken together, the new parties, claims, relief sought, and jurisdictional basis make this action different from the earlier one—such that this action is not properly described as the earlier case now refiled.

Accordingly, Defendants' motion is **DENIED**.

IT IS SO ORDERED.

Dated: December 20, 2021    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE