UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUXEMBURG CAPITAL LLC, *et al.*, ) | | CASE NO. 1:21-cv-2246 |
| ) | | |
| Plaintiffs, ) | | |
| ) | | JUDGE BRIDGET MEEHAN BRENNAN |
| v. ) | | |
| ) | | |
| TERRENCE P. FERGUS, *et al.*, ) | | **OPINION AND ORDER** |
| ) | | |
| Defendants. ) | | |

Plaintiffs initiated this action on November 27, 2021.[1] On March 2, 2022, the parties filed a joint motion to stay this matter "in its entirety" for 90 days. (Doc. No. 16 at PageID# 126.) The Court granted the joint motion and stayed the matter until June 15, 2022. (Doc. No. 17.) On June 15, 2022, Defendants sought to extend the stay order until July 1, 2022, representing, in part, that "Plaintiffs' counsel has been advised of Defendants' request and does not object to said extension." (Doc. No. 18 at PageID# 130.) The Court granted Defendants' motion. (Doc. No. 19.)

On June 29, 2022, Defendants sought another extension of the stay order until October 1, 2022. (Doc. No. 21.) Plaintiffs opposed this request and asked the Court to schedule a Case Management Conference. (Doc. No. 22.) Plaintiffs argued that undue prejudice would result if they were not permitted to immediately commence with discovery. (*Id.* at PageID# 141-42.)

Based on the representations made in Plaintiffs' opposition, the Court granted

---

[1] On December 3, 2021, Defendants filed a motion in this matter to reassign the case to Judge Dan Aaron Polster. (Doc. No. 4.) Judge Polster presided over *James Henry Moore Hummer, et al. v. Terrence Fergus*, Case No. 1:21-cv-1076 ("Prior Litigation"). The same lead counsel and law firms appeared for plaintiffs and defendants in the Prior Litigation. After briefing, the then-presiding district judge denied the motion to reassign the case to Judge Polster. (Doc. No. 10.)

Defendants' motion to extend the stay but only for an additional thirty days. (*See* July 15, 2022 Non-Document Order.) The Court also granted Plaintiffs' request to schedule a Case Management Conference. (*See id.*; Doc. No. 24.) Plaintiffs' opposition did not disclose that on March 30, 2022 – more than three months before filing this opposition – they filed a lawsuit in state court purportedly designed to disqualify Defendants' counsel *in this action*.

A Case Management Conference was scheduled for and initiated on September 6, 2022. It was converted to a status conference when Defendants' counsel disclosed that *after* this matter was initiated and *while* Plaintiffs were engaged in filings before this Court, the same named Plaintiffs in this action filed a lawsuit in state court alleging that Defendants' counsel engaged in legal malpractice and breached their fiduciary duty to Plaintiffs.[2] (*See* Cuyahoga County Court of Common Pleas Case No. CV-22-961417 ("State Court Litigation").) This was the first time the Court learned of the pending State Court Litigation.

In summary, Plaintiffs alleged in the State Court Litigation that Defendant Fergus was the Trustee of the James J. Hummer 2008 Dynasty Trust that operated for their benefit until he was removed from that position by Judge Polster in the Prior Litigation. (*See* Doc No. 35-6 at ¶ 19.) Defendant Fergus also served as a managing member of Luxemburg Capital LLC. (*Id.* at ¶ 20.)

---

[2] The plaintiffs in the State Court Litigation are Luxemburg Capital LLC; Michael H. Mears, as Trustee of the James J. Hummer Family 2008 Dynasty Trust as well as the Trustee of Irrevocable Trust Agreements for James Henry Moore Hummer, Therese Moore Hummer, Harlan Thomas Moore Hummer, and Peter James Moore Hummer; and each of the named beneficiaries. These are the same named plaintiffs in the present matter.

The defendants in the State Court Litigation are Jeffrey M. Embleton, Daniel J. McGuire, Charles T. Brown, Edward O. Patton, Michael P. Quinlan, Malek A. Khawam, Sandra J. Brantley, and Mansour Gavin LPA.

Defendants' attorneys in this matter are Charles T. Brown, Malek A. Khawam, and Michael P. Quinlan, all of whom are affiliated with Mansour Gavin LPA.

As alleged, the State Court Litigation defendants provided "legal services and legal advice to and/or on behalf of Mr. Fergus, the Dynasty Trust, the [Irrevocable] Trusts, and Plaintiffs – even when the interests of those clients were adverse or conflicted, and without obtaining informed consent or signed conflict waivers." (*Id.* at ¶ 21.)

Given the significance of the State Court Litigation, including that any proven allegations could result in the disqualification of Defendants' current counsel in this matter, the Court ordered the parties to submit position statements that identified any applicable abstention doctrines and the Court's authority to proceed given Plaintiffs' allegations that Defendants' counsel are disqualified. (Doc. No. 32 at PageID# 245-46.)

The parties submitted position papers as ordered. For Plaintiffs, the facts here do not give rise to any applicable abstention doctrine, and a stay is not warranted because Plaintiffs would be "prejudiced by Defendants' continued delay tactics." (Doc. No. 35 at PageID# 264-66, 270.) Defendants assert that the *Colorado River* abstention doctrine applies and, alternatively, seek a stay pursuant to the Court's inherent authority until resolution of the State Court Litigation. (Doc. No. 39 at PageID# 382.) After careful review of the position papers, the Court finds that there is no need to consider the *Colorado River* abstention doctrine. The Court's inherent authority is more than sufficient to resolve whether a stay of this matter is appropriate.

"Regardless of [] abstention doctrines, courts retain the inherent authority to manage the proceedings in cases on their dockets." *Walker v. Cedar Fair, L.P.*, 520 F. Supp. 3d 925, 931 (N.D. Ohio 2021). "The power to stay is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel[,] and for litigants," and the decision to stay a case "ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th

Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. Of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  At the same time, the district court must "tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396.

"There is no precise test in this Circuit for when a stay is appropriate." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005).  In addressing that issue, courts commonly consider several factors, including: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether a stay would lessen the burden of litigation for the parties and the court.  *See, e.g.*, *Int'l Watchman Inc. v. Barton Watchbands Holdco, LLC*, No. 1:19-cv-2310, 2021 WL 855119, at *3 (N.D. Ohio Mar. 8, 2021).  And it is the party seeking the stay who bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Id.* (citation omitted).

Defendants have established that a stay is necessary and appropriate.  The Court was unable to hold the Case Management Conference in this matter because a conflict of interest was alleged.  Thus, discovery has not yet begun.  A stay will simplify the issues before this Court, primarily because the Court will know whether Defendants' counsel is disqualified.  Plaintiffs' election to seek disqualification of Defendants' counsel in separate State Court Litigation, if successful, would lead to an absurd risk in this Court: many, if not all, of the decisions made by current defense counsel could be nullified.  This would potentially lead to requests for a "do-over" of discovery or motions practice that would be duplicative, delay proceedings, and

unnecessarily waste judicial time and resources.  As for the need to stay this matter and any prejudice to the non-moving party, Plaintiffs created the need for the stay.  Plaintiffs chose to pursue State Court Litigation *after* commencing this litigation knowing, as this Court has recognized, that doing so would require resolving any conflicts of interest before this matter could proceed.[3]

For these reasons, the Court STAYS this matter pending final resolution of the State Court Litigation.  Within thirty (30) days of the State Court Litigation becoming final, the parties must separately file a notification with the Court so that the Court can schedule a Case Management Conference.  Failure of either party to timely notify the Court will result in their claims and/or counterclaims being dismissed pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Date: March 15, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

---

[3] As of the date of this Opinion and Order, the Cuyahoga County Docket reflects that the State Court Litigation remains "active."